IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2011 FEB 22  PM 12: 28
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| TRACY MAYER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COAST PROFESSIONAL, INC. )<br>)<br>Defendant. ) | CAUSE NO.<br><br>**1:11-cv-0264 RLY-MJD**<br><br><u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Tracy Mayer, by counsel, hereby brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), for a finding that Defendant has committed violations of the FDCPA, and to recover damages for those violations, and in support thereof says and alleges:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Tracy Mayer ("Ms. Mayer"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

4. Defendant, Coast Professional, Inc. ("Coast"), is a California Corporation, with its principal place of business located in Irvine, California. Coast does business in the State of Indiana and in the Southern District of Indiana. Specifically, Coast engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5. Coast is a third party debt collector that collects debts for its clients.

6. Coast is a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Coast was retained to perform third party consumer debt collection work on behalf of its client, the United States Department of Education ("DOE"). Specifically, Coast collected delinquent student loans for the DOE.

8. As part of its efforts to collect a DOE student loan debt from Ms. Mayer, Coast made phone calls to Ms. Mayer at her place of employment.

9. The initial phone call was from a Coast collector named Jay Prefontaine ("Mr. Prefontaine"). Mr. Prefontaine transferred the call to his supervisor. The supervisor demanded that Ms. Mayer stay on the phone and provide detailed updated financial information. Ms. Mayer informed the Coast supervisor that she was at work

and could not stay on the phone. Ms. Mayer told the Coast supervisor not to call her at work any more and that she could be reached in the evenings at home.

10. Despite Ms. Mayer's request that Coast stop calling her at work, the calls continued nearly every day.

## COUNT I

### Violation of 15 U.S.C. § 1692c(a)(1) and § 1692c(a)(3)(5)
### Communication in Connection with Debt Collection

11. Ms. Mayer hereby adopts and re-alleges paragraphs one (1) through ten (10) of her complaint.

12. 15 USC 1692c(a)(1) states that "a debt collector may not communicate with a consumer in connection with the collection of a debt "at any unusual time or place known or which should be known to be inconvenient to the consumer..."

13. 15 USC 1692c(a)(3) states that "a debt collector may not communicate with a consumer in connection with the collection of any debt ... at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

14. Ms. Mayer clearly and unambiguously communicated to a Coast supervisor that she could not take any more calls at work.

15. Despite Ms. Mayer's request that Coast stop calling her at work, Coast continued making phone calls to Ms. Mayer at her place of employment.

16. Coast's continued collection phone calls to Ms. Mayer's place of employment constitutes a violation of 15 U.S.C. § 1692c(a)(1) and 15 USC 1692 (a)(3) of the FDCPA.

17. Coast's violations of 15 U.S.C. § 1692c(a)(1) and 15 U.S.C.§ 1692c(a)(3), of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys fees, all pursuant to 15 U.S.C. § 1692k of the FDCPA.

### REQUEST FOR RELIEF

Plaintiff, Tracy Mayer, hereby requests that the Court:

1. Declare that Defendant's debt collection actions violated FDCPA.

2. Enter judgment in favor of Plaintiff, Tracy Mayer, and against Defendant, Coast Professional, Inc., for actual damages, statutory damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k of the FDCPA.

3. Grant such further just and proper relief.

### JURY DEMAND

Plaintiff, Tracy Mayer, hereby demands a trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.

By: _____
C. Warren Nerz, Esq. (16152-49)
Attorney for Plaintiff

By: _____
Joseph B. Walterman, Esq. (24436-49)
Attorney for Plaintiff

C. Warren Nerz, Esq.
Joseph B. Walterman, Esq.
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road
Suite 20
Indianapolis, Indiana 46237
(317) 885-7500